UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC STEVENSON,

                              Plaintiff,

                    -against-

MAYOR BILL DE BLASIO; CITY OF NEW
YORK COUNCIL SPEAKER; CITY
COUNCIL OF NEW YORK;
COMMISSIONER OF THE BOARD OF
ELECTIONS OF THE CITY OF NEW YORK,

                              Defendants.

1:21-CV-5065 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Eric Stevenson filed this action *pro se* asserting claims under 42 U.S.C. § 1983

and the Voting Rights Act. He sues: (1) New York City Mayor Bill De Blasio, (2) the Speaker of

the New York City Council, (3) the New York City Council itself, and (4) the Commissioner of

the New York City Board of Elections. He alleges that the defendants violated his federal

constitutional rights by removing his name from the ballot of an unspecified election for an

unspecified elected office.[1] Plaintiff seeks declaratory and injunctive relief (the restoration of his

name on the ballot and access to public-campaign funds) as well as damages.[2]

---

[1] While Plaintiff does not mention it in his complaint, on May 5, 2021, the New York
Supreme Court, Bronx County ("Bronx County Supreme Court"), declared invalid Plaintiff's
candidacy in the current primary election to determine the Democratic Party's candidate for the
office of the New York City Council member for the 16th Council District. *See Stevens v.
Stevenson*, 143 N.Y.S. 3d 556 (1st Dep't 2021). That court also ordered the New York City Board
of Elections to remove Plaintiff's name from the primary election ballot. *See id.*

[2] Plaintiff filed his complaint in this court on June 7, 2021. Early voting for the New
York City primary election began on June 12, 2021, and ends on June 20, 2021; Primary
Election Day is on June 22, 2021. *See* https://vote.nyc/page/all-important-dates ("All Important
Dates" page of the website of the Board of Elections in the City of New York).

By order dated June 9, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, the Court directs Plaintiff to show cause why the Court should not dismiss Plaintiff's complaint insofar as he seeks declaratory and injunctive relief, under the *Rooker-Feldman* doctrine.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court

must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that the defendants removed his name from the ballot because of Chapter 50-A, Section 1139, of the New York City Charter (also known as Local Law No. 15) ("Section 1139"), a law made effective on February 25, 2021, after Plaintiff had been certified as a candidate for the primary election, and after his name had been placed on the ballot.[3] Plaintiff challenges the constitutionality of Section 1139.

---

[3] Under Section 1139:

In addition to any disqualifications for holding civil office in section 3 of the public officers law, no person shall be eligible to be elected to, or hold, the office of mayor, public advocate, comptroller, borough president or council member who has been convicted, provided such conviction has not been vacated pursuant to the criminal procedure law or title 28 of the United States code or pardoned by the governor pursuant to section 4 of article IV of the New York state constitution or the president pursuant to section 2 of article 2 of the United States constitution, of a felony, including an attempt or conspiracy to commit a felony, defined in:

1. sections 155.30, 155.35, 155.40, and 155.42 of the penal law, if the property stolen consisted in whole or in part of public funds;

2. section 666 of title 18 of the United States code;

3. section 1001 of title 18 of the United States code, if such felony was committed through the use of, or in connection with, such person's elected office;

4. sections 1341, 1343 and 1346 of title 18 of the United States code; or

5. section 1951 of title 18 of the United States code.

N.Y.C. Charter § 1139 (effective Feb. 25, 2021).

To put Plaintiff's claims in context, the Court will summarize Plaintiff's relevant litigation history in this court and in the state courts.[4]

## A.      Plaintiff's criminal conviction

On January 13, 2014, a jury of this court found Plaintiff, then a member of the New York State Assembly, guilty of the following offenses: (1) Attempt and Conspiracy to Commit Honest Service Fraud, under 18 U.S.C. § 1349, (2) Bribery and Travel Act Conspiracy, under 18 U.S.C. § 371, (3) Bribery, under 18 U.S.C. § 666(a)(1)(B), and (4) Extortion Under Color of Official Right, under 18 U.S.C. § 1951. *United States v. Stevenson*, ECF 1:13-CR-0161-01, 133. In a judgment dated May 22, 2014, District Judge Loretta A. Preska sentenced Plaintiff to an aggregate prison term of 36 months, to be followed by an aggregate supervised-release term of two years. *Id.* Plaintiff appealed. On August 17, 2016, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence. *United States v. Stevenson*, 834 F.3d 80 (2d Cir. 2016),[5] *cert. denied*, 137 S.Ct. 1212 (2017).

## B.      Plaintiff's state-court litigation

In April 2021, Althea Stevens, another primary candidate for the City Council seat that Plaintiff seeks, initiated an action in the Bronx County Supreme Court asking that court, under Section 1139, to invalidate Plaintiff's candidacy. Plaintiff, who was a named defendant in that action, removed the action to this court *pro se*.

---

[4] The Court relies on decisions in previous actions brought in this court and in the state courts to summarize Plaintiff's relevant litigation history. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

[5] *See also United States v. Stevenson*, 660 F. App'x 4 (2d Cir. 2016) (summary order) (additional opinion).

On April 27, 2021, District Judge George B. Daniels remanded the action back to the state court, holding that this court lacked subject-matter jurisdiction, and noting that not all the defendants agreed to removal, and that the defendants, including Plaintiff, requested remand. *Stevens v. Stevenson*, No. 21-CV-3590, 2021 WL 1645891 (S.D.N.Y. Apr. 27, 2021).

In the answer Plaintiff filed in the state-court action, he "opposed the requested relief and asserted a counterclaim for a judgment declaring [Section 1139] unconstitutional." *Stevens*, 143 N.Y.S. 3d 556. On May 5, 2021, the Bronx County Supreme Court declared invalid Plaintiff's candidacy, ordered the New York City Board of Elections to remove Plaintiff's name from the ballot, and dismissed Plaintiff's counterclaim in its entirety. *Id.*

Plaintiff appealed. On May 12, 2021, the New York Supreme Court, Appellate Division, First Department, affirmed the Bronx County Supreme Court's May 5, 2021 decision; the Appellate Division specifically held that, because Plaintiff did not properly serve the City of New York with his answer, which contained his counterclaim challenging Section 1139's constitutionality, the counterclaim was properly dismissed. *Id.* at 556-57.[6] On May 18, 2021, the New York Court of Appeals denied Plaintiff leave to appeal. *Stevens v. Stevenson*, No. 2021-476, 2021 WL 1973575 (N.Y. May 18, 2021) (unpublished decision).

## DISCUSSION

Plaintiff seems to be asking this Court to review and overturn the May 5, 2021 decision of the Bronx County Supreme Court. But under the *Rooker-Feldman* doctrine – created by two

---

[6] The Bronx County Supreme Court's May 5, 2021 decision is not reported, and Plaintiff has not provided the Court with a copy of that decision. The Court must therefore rely on the Appellate Division's reported May 12, 2021 decision for the procedural history of Plaintiff's litigation in the Bronx County Supreme Court. The Appellate Division's decision, however, does not clearly specify all the grounds on which the Bronx County Supreme Court dismissed Plaintiff's counterclaim, and whether any of those grounds were federal or state constitutional grounds, or both.

decisions of the Supreme Court of the United States, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – federal district courts lack the authority to review state-court final orders and judgments, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments. . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by [other parties] in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district-court proceedings commenced. *Id.* at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

In asking this Court to order the revalidation of his candidacy and the return of his name on the ballot, Plaintiff appears to ask this Court to review and overturn the May 5, 2021 decision of the Bronx County Supreme Court, which was affirmed by the Appellate Division, and for which the New York Court of Appeals denied Plaintiff leave to appeal, all before Plaintiff filed this action. The Court therefore directs Plaintiff to show cause why this Court should not dismiss Plaintiff's claims for declaratory and injunctive relief under the *Rooker-Feldman* doctrine.

**CONCLUSION**

The Court directs Plaintiff to show cause, by noon on Wednesday, June 16, 2021, why the Court should not dismiss Plaintiff's complaint insofar as it seeks declaratory and injunctive relief, under the *Rooker-Feldman* doctrine.

Plaintiff may comply with this order by completing, signing, and submitting the attached declaration form within the time allowed. The Court also directs Plaintiff to append a copy of the Bronx County Supreme Court's May 5, 2021 decision to the submission that he files in compliance with this order, or explain why he cannot append that decision.

If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the Court will dismiss this action; the Court will dismiss Plaintiff's claims for declaratory and injunctive relief for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291, and his claims for damages without prejudice due to his failure to comply with this order, *see* Fed. R. Civ. P. 41(b).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 14, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge