USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_6/21/2021\_\_\_\_\_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC STEVENSON,

                        Plaintiff,

                -against-

MAYOR BILL DE BLASIO; CITY OF NEW YORK COUNCIL SPEAKER; CITY COUNCIL OF NEW YORK; COMMISSIONER OF THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK,

                        Defendants.

21 Civ. 5065 (AT)

ORDER OF SERVICE

ANALISA TORRES, United States District Judge:

Plaintiff Eric Stevenson, who appears *pro se*, asserts claims under 42 U.S.C. § 1983 and the Voting Rights Act. He sues: (1) New York City Mayor Bill De Blasio, (2) the Speaker of the New York City Council, (3) the New York City Council itself, and (4) the Commissioner of the New York City Board of Elections. Plaintiff seeks declaratory and injunctive relief, as well as damages.

By order dated June 9, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court dismisses Plaintiff's claims for declaratory and injunctive relief. The Court directs service on the defendants.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A. The *Rooker-Feldman* doctrine

By order dated June 14, 2021, Chief Judge Laura Taylor Swain directed Plaintiff to show cause, by noon on June 16, 2021, why the court should not dismiss Plaintiff's complaint insofar as it seeks declaratory and injunctive relief, under the *Rooker-Feldman* doctrine. (ECF 5, at 7.) Chief Judge Swain directed Plaintiff to do so after noting that "Plaintiff appears to ask this Court

to review and overturn the May 5, 2021 decision of the" New York Supreme Court, Bronx County, in which that court invalidated Plaintiff's primary candidacy for a seat on the New York City Council, under N.Y.C. Charter ch. 50-A, Section 1139, and directed the removal of Plaintiff's name from the primary-election ballot. (*Id.* at 6); *see Stevens v. Stevenson*, Index No. 804636/2021 (N.Y. Sup. Ct., Bronx Cnty., May 5, 2021), *aff'd*, 194 A.D.3d 509 (1st Dep't), *leave to appeal denied*, 36 N.Y.3d 913 (2021).

On June 16, 2021, in response to Chief Judge Swain's order, Plaintiff filed a declaration with an attached copy of the state court's May 5, 2021 decision. (ECF 6.) But he fails to show cause why his claims for declaratory and injunctive relief, in which he asks this Court to revalidate his candidacy and order the return of his name on the ballot, are not barred by the *Rooker-Feldman* doctrine. Accordingly, for the reasons discussed in Chief Judge Swain's June 14, 2021 order, the Court dismisses Plaintiff's claims for declaratory and injunctive relief for lack of subject-matter jurisdiction, under the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

**B.      Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S Marshal Service ("USMS") to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the

defendants with the complaint until 90 days after the date that summonses are issued for them. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on the defendants through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for the defendants. The Clerk of Court is also instructed to issue summonses for the defendants and to deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and the complaint upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims for declaratory and injunctive relief for lack of subject-matter jurisdiction, under the *Rooker-Feldman* doctrine. *See* Fed. R. Civ. P. 12(h)(3).

The Court also directs the Clerk of Court to: (1) issue summonses for Mayor Bill De Blasio, the Speaker of the New York City Council, the New York City Council itself, and the Commissioner of the New York City Board of Elections, (2) complete USM-285 forms with the

service addresses for the defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on the defendants to the USMS.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 21, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Bill De Blasio
   Mayor of the City of New York
   City Hall
   New York, New York 10007

2. Speaker of the New York City Council
   City Hall
   New York, New York 10007

3. The New York City Council
   City Hall
   New York, New York 10007

4. Commissioner of the New York City Board of Elections
   32-42 Broadway, 7th Floor
   New York, New York 10004