```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/20/2021   
```

ERIC STEVENSON,

                Plaintiff,

    -against-

MAYOR BILL DE BLASIO; CITY OF NEW YORK COUNCIL SPEAKER; CITY COUNCIL OF NEW YORK; COMMISSIONER OF THE BOARD OF ELECTIONS OF THE CITY OF NEW YORK,

                Defendant.

21 Civ. 5065 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se* bring this suit against Defendants under 42 U.S.C. § 1983, claiming that they unlawfully deprived him of his rights under the First and Fourteenth Amendments to the United States Constitution. ECF No. 2. On July 2, 2021, Plaintiff amended his complaint to include New York Attorney General Letitia James. ECF No. 12.

    Although courts hesitate to dismiss a *pro se* plaintiff's complaint prior to service being effectuated on the defendants, *see Lewis v. New York*, 547 F.2d 4, 5 (2d Cir. 1976) ("Great circumspection is required before terminating such actions, particularly in their embryonic stages. It is prudent for judges to avoid an inquisitorial role, and not search out issues more appropriately left to a motion by the opposing party."), courts in this circuit have dismissed *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims "lack[] an arguable basis either in law or in fact." *Clark v. Schroeder*, No. 20 Civ. 8000, 2020 WL 6525467, at *2 (S.D.N.Y. Nov. 5, 2020) (dismissing a *pro se* plaintiff's complaint with prejudice because his claim was barred by the Eleventh Amendment), *aff'd*, 847 F. App'x 92 (2d Cir. 2021). Additionally, a court may dismiss without leave to amend "when amendment would be

futile." *Rolle v. Berkowitz*, No. 03 Civ. 7120, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (quotation marks and citation omitted).

Plaintiff's claims against New York State Attorney Letitia James must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against New York State Attorney Letitia James are, therefore, barred by the Eleventh Amendment and are DISMISSED.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: July 20, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge