```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __8/17/2022__

ERIC STEVENSON,

        Plaintiff,

-against-

MAYOR BILL DE BLASIO, et al.,

        Defendants.

21 Civ. 5065 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

On June 7, 2021, Plaintiff *pro se*, Eric Stevenson, filed a complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 2. The Court, *sua sponte*, dismissed Plaintiff's claims for declaratory and injunctive relief for lack of subject-matter jurisdiction, under the *Rooker-Feldman* doctrine, and ordered service on Defendants. ECF No. 8. Plaintiff then amended his complaint. *See* Amend. Compl., ECF No. 12. In his amended complaint, filed on July 2, 2021, Plaintiff alleges that Defendants, New York State Attorney General Letitia James, former New York City Mayor Bill De Blasio, the Commissioner of the Board of Elections of the City of New York, the City Council of New York, and the Speaker of the City Council violated his federal constitutional rights by removing his name from the ballot of an unspecified election for an unspecified elected office. *See generally* Amend. Compl. On July 20, 2021, the undersigned *sua sponte* dismissed Defendant James because the claims against her were barred by the Eleventh Amendment. ECF No. 14.

On November 3, 2021, the remaining Defendants filed a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim. ECF No. 20. Then, on November 4, 2021, this Court referred the motion to the Honorable James L. Cott for a report and recommendation. ECF No. 23. On December 14, 2021, Judge Cott *sua sponte* extended the time for Plaintiff to oppose the

motion to December 28, 2021. ECF No. 24. On December 28, 2021, Plaintiff filed an affirmation in opposition to the motion to dismiss. ECF No. 25.

Before the Court is Judge Cott's Report and Recommendation (the "R&R"), dated June 1, 2022, which recommends that Defendants' motion to dismiss be granted, and the Amended Complaint be dismissed with prejudice. R&R, ECF No. 26. No objections were received, however, Plaintiff filed a motion requesting an extension of time to amend his complaint and for more time to respond to Defendants' motion to dismiss. Pl. Mot., ECF No. 27. For the reasons stated below, the Court ADOPTS the R&R in its entirety, GRANTS Defendants' motion to dismiss, and DISMISSES the Amended Complaint with prejudice.

## DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222,

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–7, and, accordingly, does not summarize them here.

at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.  Plaintiff's Motion

On May 14, 2022, thirteen days after the R&R issued, Plaintiff filed a motion styled as "Plaintiffs' Motion for Extension of Time To Amend the Complaint."  Pl. Mot.  The motion asks for more time to respond to Defendants' motion to dismiss, and to be permitted to amend his complaint for the second time "in the event further and new information and/or evidence requires new parties to be joined in as Defendants, to make corrections as needed, and as to such other corrections needed to perfect the pleadings."  *Id.*  Plaintiff has already amended his complaint, ECF No. 12, and filed an opposition to the motion to dismiss, ECF No. 25.  The Court does not construe this motion as an objection to the R&R, and even if the filing was an objection to the R&R, the review would be for clear error because the objection would have been general, *Wallace*, 2014 WL 2854631, at *1.

Accordingly, the Court reviews the R&R for only clear error to avoid "reduc[ing] the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (quotation marks and citation

omitted).

The Court has reviewed the thorough and well-reasoned R&R and finds no clear error. Accordingly, the Court ADOPTS the R&R in its entirety, and Defendants' motion to dismiss the Amended Complaint is GRANTED. The Amended Complaint is DISMISSED with prejudice. Accordingly, Plaintiff's motion for an extension of time to file a second amended complaint, Pl. Mot., is DENIED.

The Clerk of Court is directed to terminate all pending motions, close the case, and to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: August 17, 2022
   New York, New York

_____
ANALISA TORRES
United States District Judge